## Taulbee v. Lewis and Chambers.

(Decided January 9, 1914.)

### Appeal from Breathitt Circuit Court.

1. Judgment—Orders—Clerical Error.—An order of the court using the word "rejoinder" by clerical error for "answer," will be so read when it is apparent from the record that this is what was meant.

2. Judgment—Orders.—The defendant having taken no proof to sustain his defense, was not prejudiced by an order striking out an amended answer for failure to verify it, when if the case had been submitted on the answer the result would have been the same.

E. L. HYDEN, O. H. POLLARD for appellant.

JOHN E. PATRICK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Lewis and Chambers brought this suit against S. S. Taulbee to recover on four notes executed by Taulbee to them aggregating over $1,600.00. Taulbee by his answer admitted the execution of the notes and pleaded that the plaintiffs constituted and appointed him their agent for the sale of Studebaker wagons in the counties of Breathitt, Lee, Owsley, Perry, Knott, Magoffin, Morgan and Wolfe; that the notes sued on were executed by him for wagons received under this contract, and that by the terms of the contract he was to be credited by the sum of $2.50 for every wagon shipped into and sold in this territory by the plaintiff's independently of him during the life of the contract; that during the life of the contract the plaintiffs independently of him sold and shipped into the territory in car lots and otherwise a large number of wagons, the exact number he could not tell, but the plaintiffs knew, and that upon a fair settlement of the matter he was not indebted to the plaintiff in any sum or amount. He called upon the plaintiffs to file in the action a statement from its books showing the exact num-

ber of wagons shipped into the territory independently of him during the life of the contract. The plaintiffs filed a reply in which it averred that during the life of the contract 42 wagons which at $2.50 each entitled him to a credit of $105.00, were shipped into the territory, and that these were the only wagons that they had so shipped or sold. By his rejoinder Taulbee denied that the 42 wagons were the only ones shipped into the territory. He prayed that the case be transferred to equity and referred to the master commissioner with directions to hear proof and ascertain the number of wagons shipped. The motion to this effect was sustained, and at the March term, 1912, an order of reference was made as he asked. At the next term of the court, the commissioner filed a report showing that on the twenty-third day of April he sat for the purpose of hearing evidence in the case pursuant to the order, notice having been duly given; that the plaintiffs appeared but that the defendant did not appear or offer any evidence. The plaintiffs entered a motion on June 5 to submit the case for judgment, and on June 29 the defendant filed an amended answer, set off and counter claim. In the amended answer he alleged that plaintiffs had sold and shipped into the territory referred to 650 wagons, which at $2.50 would amount to $1,625; this he pleaded as a counter claim, and prayed judgment against the defendant for the balance over and above the notes. On the same day the plaintiffs moved the court to require the defendant to "verify his amended rejoinder filed herein on today." While the order uses the word "rejoinder," as the only pleading filed on that day was the amended answer, it is clear that the word "rejoinder" was simply a clerical error for "answer." The court sustained the motion and the defendant failing to verify the pleading it was stricken from the files, to which the defendant excepted and the defendant failing to plead further a judgment was entered in favor of the plaintiff for the amount of the notes subject to a credit of $105.00, as admitted in the answer. The defendant appeals.

The amended answer not having been verified the court should not have allowed it to be filed, and when on the same day his attention was called to the fact, that it was not verified, he properly required the defendant to verify it and the defendant failing to comply with the order, there was no abuse of discretion in striking it from the files, as it should not have been filed in the first place

without verification. The issues had been made up at the previous term; no reason was shown for the delay in tendering the amendment, and every fact that could be shown under the amended answer could have been shown under the original answer. The case had been referred to a commissioner to take proof and report on the very subject. In addition to this the defendant had taken no proof to sustain his defense. The notes made out a *prima facie* case for the plaintiffs. If the court had simply sustained the plaintiff's motion to submit the case for judgment, without striking the amended answer from the files, the result would have been precisely the same; for the amended answer without any proof to sustain it constituted no reason for withholding judgment from the plaintiffs. The defendant had had his day in court; he had had ample opportunity to take his proof, and he offered none. The judgment is clearly right on the merits of the case and there was no substantial error in the proceedings of the court.

Judgment affirmed.